Thank you, Your Honors, and thank you for your consideration. Catherine Young from the Federal Public Defender's Office for the appellant Robert Garcia-Jimenez. Can I ask you to speak just a little bit loudly and into the microphone? Thank you, Your Honor. Mr. Garcia was convicted of illegal reentry. He was placed in Criminal History Category 4 based upon two prior convictions. Mr. Garcia contends that the District Court erred in imposing a criminal history point under Section 4A1.1e, which provides for points where the conviction, the instant conviction offense occurred two years after release from imprisonment on certain sentences. Now the PSR recommended the imposition of two criminal history points under subsection e on the ground that Mr. Garcia committed the instant offense in April 2009, which was less than two years after release from imprisonment in August 2007 on a parole revocation sentence. The defense objected to the imposition on these criminal history points on the ground that a parole violation sentence did not qualify under subsection e. The expressed language of subsection e requires that the release from imprisonment be on a sentence counted under subsections a or b, and the parole violation sentence did not qualify as a sentence counted under a or b. He was convicted in 2002 of secondary robbery and was sentenced to three years' imprisonment. Because the sentence exceeded one year and one month, the PSR added three criminal history points under subsection a. Though he was subsequently returned to custody several times for parole violations, none of that additional custodial time altered the number of points given to the 2002 conviction. Let me stop you there. Why is it we should disregard the subsequent history and the fact that he did wind up serving more time, more of the sentence that was initially imposed upon him? I mean, the time for the parole violations is officially time being spent in connection with the previous conviction. So why should we disregard that time? Yes, Your Honor. There are two reasons. First, because the expressed language of subsection e requires that the release for imprisonment be on a sentence counted under a or b. And he's arguing it did not count under a or b because one of the first reasons is because it did not count because those parole violations did not increase the total number of points that were attributed to that sentence. Why not? Because he got to decrease the sentence itself and pushed it over the time period. But he got the three points for the original sentence. The argument is that the subsequent parole revocations did not increase the number of points because he had already maxed out under the original sentence. So that's the argument based upon the plain language of subsection e. But the point that the Court is imposing is because the offense was committed within two years of his release from incarceration. That's correct, Your Honor. And so why aren't we counting the last date on which he was incarcerated? Because the argument is the last release from incarceration on a sentence counted under a or b. And so his argument is the parole violation sentences are not counted under a or b. He wasn't sentenced separately for parole violation, was he? He wasn't tried and convicted of parole violation. No. And that's another point is that the sentence has to be a sentence that's based upon an adjudication of guilt and the parole violation sentences are not based upon adjudication of guilt. Right. It's the prior conviction. Yes. Which is one that we count. Yes. I mean, the argument is a technical one based upon the reading of the plain language of the section. You talk about it maxing out. But I don't see you could have just a clean, a five-year sentence under a, somebody's release, two months later he commits another crime. There's nothing that says you can't get the three points for a and the two more points for committing an offense within a certain period of time of release. Isn't that exactly what we have here? There's no maxing out. The fact that you've gotten three points for the five-year sentence doesn't exclude the possibility that if you commit a crime within a certain period of time of release, you get some more points. No, Your Honor. The argument just on this issue is that the plain language of subsection E requires that the sentence be counted under A or B. And Mr. Garcia's argument is that it was not counted under A or B because the parole violation sentences did not add to the number of points attributable to that conviction. That's the argument is based upon the plain language of the section. Except that, again, my problem is that a parole violation is not a separate conviction under California's system. That's correct, Your Honor. He's in prison because of the prior violation, not because he's violated his parole. That's correct, Your Honor. The argument is a technical one based upon the language that I've cited under subsection E, and I understand the point that you're making. The government argues that a sentence following a revocation of parole is deemed part of the original sentence, which is the same argument that Your Honor is making. And we looked, too, to the sections that the government cited in support of its argument, and section 4A1.2A1 defines prior sentence as a sentence opposed upon adjudication of guilt. And under California law, parole violation sentences are not imposed upon adjudication of guilt. So we argued that it did not count under subsection 4A1.2A1. The government also cites 4A1.2K1, which merely states that the term of imprisonment opposed upon revocation is added to the original term of imprisonment to compute criminal history points for A, B, or C. Again, it does not refer to E. So argument here is a technical one that under the specific language of these subsections, he should not get the original sentence should be the sentence that is counted for the date of release from imprisonment. And Mr. Garcia also argues that to the extent there is an ambiguity in the application of the sentences as opposed to his specific circumstances, the rule of lenity applies. In this context, I also wanted to mention that last Friday the United States Sentencing Commission recommended deleting subsection E. They conducted a multiyear review and analyses to determine the extent to which recency points, as 4A1.1E points are characterized, contributed to the ability to predict the risk of recidivism. They found that it had minimal predictive value, did not reflect increased culpability, and one of their concerns was exactly as occurred in this case, when you have the recency points, sometimes you have one conviction that is counted four times in the calculation of someone's sentencing guideline range, which is what happened to Mr. Garcia. Sixteen of his 17 offense-level points were attributable to his robbery sentence, and six of his eight criminal history points, again, were attributable to his robbery sentence. Mr. Garcia also argues that the district court erred in imposing criminal history points under subsection D. On the ground that he committed the instant offense while under a criminal justice sentence, namely parole. On this issue, the government had the burden of proof. There was no admission, no evidence when Mr. Garcia had returned. The government argued that since he was deported in June 2006 and subsequently arrested on December 2006, then he must have reentered the country no later than December 2006. But the probation officer rejected this position, contending that just because he entered before December 2006 did not make that the last date that he entered, which is the date that's applicable to this particular conviction. The probation ---- Are we required to disregard the fact that he came in December 2006, at which time he would have been on parole? Well, for purposes of calculating points attributable to this particular conviction, the date that's applicable is the most recent reentry. Why? Because that's the law. That's this offense. He reenters on this ---- any prior reentries and prior returns would not be applicable to this offense. I'm curious as to exactly when he came back. You know that by December of 2006 he was back. I'm not sure why we should presume that he left and came back subsequently. Well, that's the ---- the probation officer found that there ---- the government hadn't met its burden of proof on this issue. It's the government's burden of proof to prove that he did ---- that he remained continuously in the country from December 2006. That's by the preponderance of the evidence, right? That's correct, Your Honor. I mean, that's a pretty substantial burden for the government to show unless he's been incarcerated from ---- in some fixed period or we've got somebody who's tailing him at all times to show that it's not possible that he, you know, walked to the border and stuck his toe across and therefore came back at some point in a two-year period. That's a pretty substantial burden. That would seem to be more than preponderance of the evidence, wouldn't it? That would be proof beyond a reasonable doubt. Well, the defense was arguing that it's ---- individuals frequently cross the border and there was no evidence that Mr. Garcia remained continuously in the country from December 2006. Right. But that puts the burden on the United States to prove that every living second of those ---- of that two-year period that he was in the United States, that really is proof beyond a reasonable doubt, not preponderance of the evidence. You didn't come forward with anything that would suggest that he went back to visit family or that he slipped across the border for some reason and then came back. No, that's correct, Your Honor. The defense relied upon the government's burden of proof. At this point, unless there are further questions, I'll reserve my time for rebuttal. Thank you, Your Honor. Thank you. We'll hear from the government. Amanda Bettinelli on behalf of Plaintiff Appellee. May it please the Court. There are two ways to affirm the district court's decision, and the first being pursuant to United States Code Section 4A1.1e, which is to find that the defendant did commit the instant offense within two years of release of a parole violation, which ought to count for recency points under 4A1.2k, subsection 2, which specifically includes parole violations. In addition, assuming that the defendant was found to have reentered under either a prior date using the government's April 2007 date or, in the alternative, using the date that the probation officer recommended for April 2009, you would still get the two points that would be required to put this defendant in criminal history category 4, which counts from the five points that he was originally garnered under his two original convictions, plus the two affirmed under the recency points that I've just outlined under 4A1.1e, which is still the law despite the recommendation that was just made and referenced to by defense. With respect to the... Tell me, so you have to win on one but not both. Either one works for your purposes. Certainly it does, and it gives us the two points, because under criminal history category 4 calculation, you have seven, eight, or nine points that are garnered. Five are met and undisputed with respect to his two prior convictions, plus two under either date apply under 4A1.1e, especially when we consider the fact that within the interpretation of the guidelines themselves, pursuant to 4A1.2k, subsection two, parole violations counts. Moreover, if we go on to the second argument, which would give us the eighth point, which is the one additional point for a parole violation using the last violation of June 28, 2008. So I think the government's position is that irrespective of the date that's used, the two-point burden is met in terms of trying to get the defendant appropriately found within the criminal history category of 4. The district court found that the burden on the government at the district court level was by a preponderance of the evidence that the defendant was to be found within the United States from April of 2007, and using that date, you would get three additional points pursuant to 4A1.1e and the additional one point pursuant to 4A1.1d. And if there are no further questions, I would submit on the briefs. If there are no more questions, we'll hear from the defendant on rebuttal. Thank you, Your Honors. I just have one brief point to make, and that is that the government claims that if either D or E is found to apply, then there's no reason for reversal. But I think that after Booker, even if only one of those was found to be erroneous, resentencing would be appropriate so that the district court could consider that the facts, even if the criminal history category was changed, was not remained unchanged, the district court could consider that the criminal history points were different, and that might impact the district court's view of the appropriate sentence in this case. Well, if the guideline range doesn't change, and I guess that's what the argument is, then what authority would you point to that says even if the guideline range doesn't change, and we have a sentence which was imposed at the low end of the guidelines, what more is there to do? What mandates resentencing? Well, I think that under Booker, the district court can consider all facts. And the district court can consider not just the guideline range, but the number of criminal history points. That's true no matter what the calculation is. Presumably the district court did consider all facts. But the calculation may have been erroneous in a way that doesn't affect the guidelines. It doesn't change the separate analysis the district court has to do to comply with the sentencing requirements. So what is it that we're required under Booker and our court's case law to check for procedural calculation irregularity? But if, in fact, the bottom line of the calculation isn't wrong, is there an authority that says we still have to send it back? I don't have any authority beyond Booker and its progeny that state that the district court should consider all facts. And I think that not just the sentencing guideline range, but also the number of points is a relevant fact to be considered by the district court. Thank you, Your Honors. Thank you. We thank both counsel for the argument. The case just argued is submitted.
judges: Noonan, Clifton, Bybee